PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:19CV916 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| $39,565.00 IN U.S. CURRENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| DONALD WOODS, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** [Resolving ECF No. 11] |
| Claimant. ) | |

Pending before the Court is Claimant Donald Woods' Motion to Set Aside Default Judgment. ECF No. 11. Plaintiff United States of America filed a response (ECF No. 13). Claimant did not file a reply. For following reasons, Claimant's motion is denied.

**I. Background**

Plaintiff initiated this action by filing a Complaint in Forfeiture against Defendants properties $39,545.00 in U.S. Currency, $1,077.00 in U.S. Currency, and a Ruger SR-22 .22 caliber pistol. ECF No. 1. On April 27, 2019, Plaintiff served Claimant a copy of the summons and complaint by certified mail. ECF No. 4. Additionally, Plaintiff published notice of the forfeiture on an official internet government forfeiture site, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. ECF No. 7-1 at PageID #:, ¶ 6. Claimant did not timely file a verified claim and answer.

(4:19CV916)

On July 31, 2019, the Clerk of Court pursuant to Fed. R. Civ. P. 55(a), entered the default of Interested Party Donald Woods, and all others whom failed to file a verified claim and answer in the case at bar with respect to Defendants properties. ECF No. 8. On August 30, 2019, the Court pursuant to Fed. R. Civ. P. 58, entered final default judgment in favor of Plaintiff. ECF No. 10. On September 5, 2019, Claimant filed his motion to set aside default judgment. ECF No. 11.

## II. Standard of Review

Under Fed. R. Civ. P. 55(c), a district court may set aside an entry of default for good cause shown. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). To prevail on a motion to set aside *entry of judgment by default*, however, a party must satisfy the stricter rule 60(b) standard for relief from a final judgment or order. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir.1986) (internal quotation marks omitted).

Setting aside default judgment involves the same analytical framework as setting aside an entry of default. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844-45 (6th Cir. 1983) ("We agree with the Third Circuit that the three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default."). In weighing whether to set aside default judgment, a court should consider (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Id.* at 845. It is the moving party's burden to show that "the facts of its case are within one of the

2

(4:19CV916)

enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).

### III. Analysis

Claimant moves for relief from default judgment under Fed. R. Civ. P. 60(b)(1). He alleges that his reliance on Vernon Lamont Turner, a non-lawyer, to pursue his forfeiture claim resulted in his failure to act until entry of default judgment. ECF No. 11 at PageID #: 44. He contends that his actions constitute excusable neglect. *Id*.

"When relief is sought under Rule 60(b)(1), the culpability element of the *United Coin Meter* factors is framed in terms of mistake, inadvertence, surprise, or excusable neglect." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (quotations and quotation marks omitted). The party moving to set aside default must first "prove that default was due to one or more of these factors before it is permitted to demonstrate that it can satisfy the remaining two *United Coin Meter* factors   a meritorious defense and the lack of prejudice to the plaintiff." *Id.*

The determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). For the purpose of determining whether excusable neglect applies, a party may be held responsible for the actions of her chosen representative. *See id.* at 396-97 ("[I]n determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable."); *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002) (district court did not abuse its discretion in finding no excusable neglect when

3

(4:19CV916)

counsel failed to timely produce discovery or respond to a pending motion to strike).

Claimant avers that, upon receipt of the served summons and complaint, he hired and paid Turner to pursue a claim for return of his property. ECF No. 11 at PageID #: 44-45. Claimant, however, alleges no facts showing that he took any steps to ascertain whether Turner was qualified to represent him. Claimant does not allege that Turner is an attorney, or that Turner held himself out to be an attorney. Claimant, upon receiving a civil summons and complaint, chose not to retain counsel, instead hiring Turner, a non-lawyer, to represent his interests. Predictably, Turner did not provide Claimant with representation.

Moreover, "where the [representative's] conduct has been found to be willful, the willfulness will be imputed to the party himself where he makes no showing that he has made any attempt to monitor counsel's handling of the lawsuit." S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998). From April 27, 2019, the date on which Claimant received the summons and complaint, until August 2, 2019, the date on which Claimant received the Clerk of Court's entry of default, Claimant took no steps to monitor the status of his claim. ECF No. 11 at PageID #: 45. Notably, the Clerk of Court mailed a copy of the entry of default to Claimant on July 31, 2019. ECF No. 8 at PageID #: 38. Yet Claimant waited until after receiving the entry of default judgment, over a month later, before taking any action.

Accordingly, Claimant has failed to meet his burden to show excusable neglect for failure to file a timely claim in response to Plaintiff's complaint.

(4:19CV916)

## **IV. Conclusion**

For the reasons stated above, Claimant's motion to set aside entry of default judgment (ECF No. 11) is denied.

IT IS SO ORDERED.

  October 31, 2019                                        */s/ Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                        United States District Judge